JACQUELINE TIRINNANZI, ESQ.
Nevada Bar No. 13266
jt@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074

*Attorney for Maurice Williamson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAURICE WILLIAMSON,<br><br>Defendant. | CASE NO. 2:21-cr-00129-APG-EJY<br><br>**UNOPPOSED MOTION FOR MODIFICATION OF PRETRIAL CONDITIONS** |

Defendant Maurice Williamson, by and through his attorney, Jacqueline Tirinnanzi, Esq., respectfully requests that this Court enter an order, modifying Mr. Williamson's conditions of pretrial release pursuant to 18 U.S.C. § 3142(c)(3). The government and Pretrial Services do not object to this request. This motion is made and based upon the attached memorandum of points and authorities, the pleadings and papers on file herein, and any argument to be entertained by the Court at the time of hearing, if any.

Dated this 21st day of December 2021.

                Respectfully submitted,

                /s/Jacqueline Tirinnanzi
                JACQUELINE TIRINNANZI, ESQ.
                Nevada Bar No. 13266
                1070 W. Horizon Ridge Pkwy., Suite 202
                Henderson, Nevada 89012
                Telephone: 702.463.9074

## MEMORANDUM OF POINTS AND AUTHORITIES

a. Procedural History and Background

On April 30, 2021, this Court entered a personal recognizance bond releasing Defendant Maurice Williamson on Pretrial Services supervision. ECF No. 12. The Court required Mr. Williamson to refrain from contact with his co-defendant regarding the details of the case, and to remain under GPS monitoring and home detention except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court obligations; or other activities preapproved by Pretrial Services (among other various conditions). *Id*. at ¶ 51, 51b, 52, 52b, and 80.

Previously, a motion for modification of conditions was filed on May 21, 2021. ECF No. 35. In said motion, Mr. Williamson requested that this Court remove the condition requiring GPS location monitoring while he continued to serve home detention. At the time, Mr. Williamson had fully complied with the Court's order of conditions since his release nearly a month prior on April 30, 2021. Furthermore, Mr. Williamson's Pretrial Services Officer, Ms. Samira Barlow, had no objection to the removal of the condition requiring GPS location monitoring, and in fact at the accord of Mr. Williamson's counsel, it was Ms. Barlow who issued the verbal motion requesting the modification of conditions during his May 21, 2021 arraignment and plea. At the arraignment and plea, a stand in AUSA was present and could not make a representation as to the government's position at the time, hence prompting the instruction for written briefing on the motion. While the modification request was ultimately denied, the Honorable Magistrate Judge Youchah noted that she would be willing to reconsider the request in approximately six months once Mr. Williamson demonstrated a commitment and ability to comply with the conditions of his release, citing that, at the time, that his release had been entered only one month prior. ECF

KATHLEEN BLISS LAW PLLC
1070 W. HORIZON RIDGE PKWY., SUITE 202
HENDERSON NEVADA 89012
TEL – 702.463.9074

No. 40.

    b. Mr. Williamson's ability to flawlessly follow his pretrial release conditions for the past eight months demonstrates that release can be maintained through less restrictive means and that modification of release conditions is appropriate at this time.

    Since Mr. Williamson's initial release on April 30, 2021, he has established a successful track record of complying with this Court's orders and has complied with all terms and conditions of his pre-trial release, including having committed no local, state or federal violations.

    A court releasing a defendant under 18 U.S.C. § 3142 shall do so subject to the least restrictive conditions. 18 U.S.C. § 3142(c)(1)(B). The court may amend or change the conditions at any time. 18 U.S.C. § 3142(c)(3); see *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir.1972).

    At this time, Mr. Williamson respectfully requests this Court modify/remove the following conditions, as established in the April 30, 2012 order setting the conditions of release. ECF No. 12 at ¶ 51, 51B, 52, 52B, 53 and 54.

(51) The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
(51B) Home Detention: The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.

(52) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
(52D) Global Positioning Satellite (GPS) monitoring.

(53) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.

(54) The defendant shall pay all or part of the cost of the location monitoring program based upon his ability to pay as determined by Pretrial Services or the supervising officer.

Pretrial Services, through Officer Samira Barlow, and the government do not oppose removal of the abovementioned conditions.

Mr. Williamson would like to remind the Court that he has a suitable and appropriate residence that has been vetted and approved by Pretrial Services and removal of the above-mentioned conditions would allow Mr. Williamson to continue to focus on being a productive member of society, namely continuing his work, providing for his household, and remaining a present source of support for his family, including his two minor stepchildren that reside with him and his partner. Additionally, removal of the GPS location monitoring would reduce use of government resources and any financial burden on Mr. Williamson associated with the costs of the GPS location monitoring.

Given that Pretrial Services and the government have no opposition to the modification, and for all the reasons previously discussed, there are appropriate grounds for this Court to grant Mr. Williamson's motion. Based on the foregoing, Mr. Williamson respectfully requests that this Court modify its order as requested, or in the alternative consider any other less restrictive conditions this Court deems suitable.

Dated this 21st day of December 2021.

Respectfully submitted,

/s/Jacqueline Tirinnanzi
JACQUELINE TIRINNANZI, ESQ.
Nevada Bar No. 13266
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074
*Attorney for Maurice Williamson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAURICE WILLIAMSON,<br><br>Defendant. | CASE NO. 2:21-cr-00129-APG-EJY<br><br>**ORDER** |

The Court, finding good cause showing and with no objection by Pretrial Services, ORDERS that Defendant Maurice Williamson's pretrial release order (ECF No. 12) be modified to remove the conditions found in paragraphs 51, 51B, 52, 52B, 53 and 54. All other conditions shall remain in full force and effect.

Dated this 21st day of December, 2021.

_____
THE HONORABLE ELAYNA J. YOUCHAH
United States Magistrate Judge