JACQUELINE TIRINNANZI, ESQ.
Nevada Bar No. 13266
jt@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074

*Attorney for Maurice Williamson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MAURICE WILLIAMSON,<br><br>  Defendant. | CASE NO. 2:21-cr-00129-APG-EJY<br><br>**STIPULATION TO CONTINUE SENTENCING (First Request)** |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney for the District of Nevada, and Joshua Brister, Assistant United States Attorney, and Jacqueline Tirinnanzi, counsel for Defendant Maurice Williamson, that the sentencing hearing currently scheduled for February 1, 2023, at 10:00 a.m. (ECF No. 65) is continued for no sooner than 30 days, to a date and time convenient to this Court. This stipulation is made and based upon the following:

1. Mr. Williamson entered a change of plea on October 20, 2022, pleading guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 65.

2. For the duration of his case, Mr. Williamson was on pretrial release and has been fully compliant with the conditions of his release. No. 12.

3. Counsel for Mr. Williamson has identified likely scheduling conflicts in relation to the current February 1, 2022, sentencing date, and a minor 30-day continuance will ensure no competing scheduling issues.

4. Probation has indicated that while it can meet the current deadline for production of the Presentencing Report on December 28, 2022, additional time is preferred, especially given the reduction in available workdays due to the holiday season at the end of this month.

5. Mr. Williamson does not oppose the continuance request.

6. This is the first request for a continuance of the sentencing hearing.

7. The additional time requested herein is sought in good faith and not for purposes of delay.

8. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution, which terminated upon conviction. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

9. Denial of this request for continuance would deny counsel for Mr. Williamson sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

Dated this 7th day of December 2022.

*/s/Joshua Brister*                                                   */s/Jacqueline Tirinnanzi*
Assistant U.S. Attorney                         Counsel for Maurice Williamson
Counsel for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-00129-APG-EJY |
| Plaintiff, | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |
| MAURICE WILLIAMSON, | |
| Defendant. | |

**FINDINGS OF FACT**

Based on the pending stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Mr. Williamson entered a change of plea on October 20, 2022, pleading guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 65.

2. For the duration of his case, Mr. Williamson was on pretrial release and has been fully compliant with the conditions of his release. No. 12.

3. Counsel for Mr. Williamson has identified likely scheduling conflicts in relation to the current February 1, 2022, sentencing date, and a minor 30-day continuance will ensure no competing scheduling issues.

4. Probation has indicated that while it can meet the current deadline for production of the Presentencing Report on December 28, 2022, additional time is preferred, especially given the reduction in available workdays due to the holiday season at the end of this month.

5. Mr. Williamson does not oppose the continuance request.

6. This is the first request for a continuance of the sentencing hearing.

7. The additional time requested herein is sought in good faith and not for purposes of delay.

8. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution, which terminated upon conviction. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

9. Denial of this request for continuance would deny counsel for Mr. Williamson sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

## **ORDER**

Based upon the stipulation of the parties, and good cause appearing, it is hereby ORDERED that Mr. Williamson's sentencing hearing currently scheduled for February 1, 2023, at 10:00 a.m., be VACATED.

IT IS FURTHER ORDERED that the sentencing hearing is reset for March 8, 2023 at the hour of 9:00 a.m. before Judge Andrew P. Gordon in Courtroom 6C..

DATED: December 8, 2022

_____
THE HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE